**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| THE BURLINGTON INSURANCE COMPANY,<br><br>              Plaintiff-counter-defendant - Appellee,<br><br>  v.<br><br>CHWC, INC., DBA Crazy Horse Restaurant and Nightclub,<br><br>              Defendant,<br><br>  and<br><br>RUDY MARTINEZ, Jr.,<br><br>              Defendant-counter-claimant - Appellant. | No. 12-55285<br><br>D.C. No. 2:11-cv-02926-R-FFM<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Manuel L. Real, District Judge, Presiding

Argued and Submitted January 8, 2014
Pasadena, California

---

     [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Before: W. FLETCHER, M. SMITH, and WATFORD, Circuit Judges.

**1.** The district court erred by granting summary judgment for Burlington on the ground that it had no duty to defend (and thus, *a fortiori*, no duty to indemnify).

Burlington received both Martinez's complaint and the police report (which included multiple witness statements) before it denied coverage. Martinez's complaint alleged that he had been injured as a result of an assault by Crazy Horse security guards, allegations that appeared to bring Martinez's injuries within the policy's assault-or-battery exclusion. (The exclusion precludes coverage for injuries "[a]rising out of assault or battery, or out of any act or omission in connection with the prevention or suppression of an assault or battery.") But the police report and attached witness statements also contained facts indicating that Martinez's injuries might have been caused by events that would not fall within the assault-or-battery exclusion. Those extrinsic facts, which Burlington was obligated to consider in making its coverage decision, triggered a duty to defend because they "reveal[ed] a possibility that the claim may be covered by the policy." *Montrose Chem. Corp. of Cal. v. Superior Court*, 861 P.2d 1153, 1157 (Cal. 1993).

Specifically, some of the witness statements provided to Burlington stated that Martinez was injured when he tried to sit down on a stool, lost his footing, and

hit his head on the wall. That version of events would not fall within the exclusion unless Martinez's fall "ar[ose] out of assault or battery, or out of any act or omission in connection with the prevention or suppression of an assault or battery." Some of the witness statements indicated that, before being escorted out of the club, Martinez may have assaulted a female patron on the dance floor. If true, this incident could render the exclusion applicable even if Martinez had been injured by the fall from the stool. But other witness statements contain no indications of any such assault. If it proved true that no assault or battery occurred, and Martinez's injuries were in fact caused by the fall from the stool, the assault-or-battery exclusion would not apply. Thus, the extrinsic facts available to Burlington indicated the *potential* for coverage, which is all that was necessary to trigger its duty to defend. *Gray v. Zurich Ins. Co.*, 419 P.2d 168, 176 (Cal. 1966).

We recognize that extrinsic facts cannot trigger a duty to defend when they relate only to claims that have not been pleaded in the third-party claimant's complaint. That was true in all of the cases on which Burlington relies. *See, e.g.*, *Microtec Research, Inc. v. Nationwide Mut. Ins. Co.*, 40 F.3d 968, 970–71 (9th Cir. 1994); *Storek v. Fid. & Guar. Ins. Underwriters, Inc.*, 504 F. Supp. 2d 803, 808, 811 (N.D. Cal. 2007); *Ulta Salon, Cosmetics & Fragrance, Inc. v. Travelers Prop. Cas. Co. of Am.*, 127 Cal. Rptr. 3d 444, 449 (Ct. App. 2011); *Gunderson v. Fire*

*Ins. Exch.*, 44 Cal. Rptr. 2d 272, 277–78 (Ct. App. 1995). But here the extrinsic facts at issue *do* relate to a claim pleaded in Martinez's complaint—namely, his negligence claim. Although as originally pleaded Martinez's negligence claim was predicated on the theory that he had been assaulted, the extrinsic facts available to Burlington revealed the possibility that Martinez could amend his negligence claim to allege theories of liability that would fall outside the assault-or-battery exclusion. Under well-settled California law, that possibility was enough to trigger Burlington's duty to defend. *See Montrose*, 861 P.2d at 1160; *Gray*, 419 P.2d at 176–77.

**2.** Even if, as we hold, Burlington had a duty to defend, it may still prevail if it can establish that it owes no duty to indemnify. Burlington has a duty to indemnify only if the state court judgment entered against Crazy Horse rests on a liability within the policy's coverage. *See Hogan v. Midland Nat'l Ins. Co.*, 476 P.2d 825, 832–33 (Cal. 1970). The state court judgment is predicated on Crazy Horse's negligence in preventing Martinez's fall from the stool, not on the theory that Martinez was assaulted or battered by Crazy Horse's security guards. Thus, the state court judgment on its face precludes any finding that Martinez's injuries "ar[ose] out of assault or battery" within the meaning of the first clause of the exclusion. Burlington nonetheless argues that the state court judgment is covered

by the second clause of the assault-or-battery exclusion, thereby relieving it of any duty to indemnify.

Material factual disputes preclude granting summary judgment to Burlington on this ground. The state court judgment did not resolve whether Martinez's fall from the stool "ar[ose] . . . out of any act or omission in connection with the prevention or suppression of an assault or battery" within the meaning of the second clause of the exclusion. As noted above, resolution of that issue turns on whether Martinez did or did not assault a female patron on the dance floor before being escorted out of the club—an issue the state court judgment does not address at all, since it was irrelevant to determining whether Crazy Horse was negligent in preventing Martinez's fall from the stool. Accordingly, the state court judgment has not expressly or impliedly resolved a material factual dispute related to coverage, rendering summary judgment for Burlington improper. *See id.* at 833.

**REVERSED and REMANDED.**

*Burlington Ins. Co., v. Martinez*, 12-55285

M. SMITH, Circuit Judge, dissenting:

The majority holds that, under California law, an insurer carries a duty to defend, based on hypothetical theories of liability that are found in evidence extrinsic to the complaint, even where no such theories of liability are actually pleaded. In my view, this holding is contrary to clearly established California law. I respectfully dissent.

Under California law, the duty to defend "is not unlimited." *Buss v. Superior Court*, 939 P.2d 766, 773 (Cal. 1997). A determination regarding "whether the insurer owes a duty to defend usually is made . . . by comparing the allegations of the complaint with the terms of the policy." *Horace Mann Ins. Co. v. Barbara B.*, 846 P.2d 792, 795 (Cal. 1993). In assessing the allegations in the complaint, "coverage turns not on the technical legal cause of action pleaded by the third party but on the *facts* [actually] alleged." *Swain v. Cal. Cas. Ins. Co.*, 99 Cal. App. 4th 1, 8–9 (2002) (emphasis added).

"Facts extrinsic to the complaint [may] also give rise to a duty to defend." *Id.* at 8. But extrinsic facts will only create a duty to defend where they reveal a possibility that the claims actually alleged may be covered by the policy. *Horace Mann*, 846 P.2d at 795 (explaining that extrinsic facts "give rise to a duty to defend

1

when they reveal a possibility that *the claim* may be covered by the policy" (emphasis added)). A duty to defend does not arise merely because extrinsic facts establish that claims within the policy's purview *could have been* asserted, where no such claims were actually brought. *Id.* Accordingly, in determining whether a duty to defend exists, courts decline to look to extrinsic evidence where the plaintiff does not "allege the *type* of damages covered by the policy." *The Upper Deck Co. v. Federal Ins. Co.,* 358 F.3d 608, 615–16 (9th Cir. 2004). "An insured may not trigger the duty to defend by speculating about extraneous 'facts' regarding potential liability or ways in which the third party claimant might amend its complaint at some future date." *Gunderson v. Fire Ins. Exch.,* 44 Cal. App. 4th 1106, 1114 (1995).

Crazy Horse's insurance policy contains an "assault or battery exclusion," which provides that the policy does not cover any bodily injury "[a]rising out of assault or battery, or out of any act or omission in connection with the prevention or suppression of an assault or battery." It is also undisputed that Martinez's Complaint and Amended Complaint (Complaints) solely alleged that his injuries arose from Crazy Horse's employees' wrongful acts of physical violence. Although the factual allegations that Martinez actually asserted do not establish any legal claim creating a possibility of coverage, the majority concludes that

2

Burlington was obligated to defend Crazy Horse, because facts extrinsic to the Complaints indicated that Martinez may have suffered additional injuries as a result of falling from a stool. I disagree.

Under California law, an insurer's duty to defend is not triggered where the underlying claims raise no potential for liability covered by the policy. *Horace Mann*, 846 P.2d at 795. "[And] [t]he possibility of an amendment does not require the insurer to speculate about any conceivable claim that a plaintiff might bring against the insured . . ." *Upper Deck*, 358 F.3d at 615–16. For whatever reason, Martinez' Complaints did not include any allegations indicating that he fell from a stool, and they solely alleged facts and theories of liability that the policy did not cover. Under such circumstances, California law does not require an insurer to provide coverage based on potential theories of liability that were not pleaded. And, as "a determination that there is no duty to defend automatically means that there is no duty to indemnify," I would affirm the district court's order, holding that Burlington is not now liable to Martinez as a judgment creditor. *Certain Underwriters at Lloyd's of London v. Superior Court*, 16 P.3d 94, 104 (Cal. 2001) (internal quotations and citations omitted).

I respectfully dissent.